(73 South. 238)

No. 21840.

MACKAY v. PENDERGAST.

(Oct. 30, 1916. Rehearing Denied Dec. 11, 1916.)

*(Syllabus by the Court.)*

LIBEL AND SLANDER ⬅︎121(2)—ACTIONS—DAMAGES.

Defendant having, without provocation at the time, or at any time, so far as appears from the evidence, and in presence of others, applied to plaintiff certain vile epithets, and the trial court having awarded plaintiff $50, as damages, that amount is increased to $250.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 354; Dec. Dig. ⬅︎121(2).]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by William Mackay against John J. Pendergast. From a judgment for plaintiff for $50, he appeals. Judgment increased to $250.

Dart, Kernan & Dart, of New Orleans, for appellant. Charles Louque, of New Orleans, for appellee.

MONROE, C. J. Plaintiff prosecutes this appeal from a judgment awarding him $50 as damages for slander uttered by defendant, and asks that the amount be increased. Defendant answers the appeal and prays that the demand be rejected.

The evidence shows, and the facts are virtually admitted by defendant, that upon September 14, 1914, plaintiff and several of his acquaintances walked into a drinking saloon with a view of refreshing themselves; that defendant, who was already there, approached him, said to him, "you are the (using a vile epithet) that I want to see," called him a thief, said that he (defendant) was keeping him (plaintiff) out of the pen-

itentiary, repeated those remarks several times, and, in the meanwhile, laid his hands on plaintiff in an unfriendly way, all without any apparent provocation and without attempt at verbal or other retaliation on the part of plaintiff, who was a smaller man than the other and testifies that he had been weakened by illness.

The defense set up is that plaintiff had, at some previous time, interfered with workmen employed by defendant and had injured defendant's business, and, to quote the language of the answer, that "said abuse was uttered in the heat of passion," but that defense, such as it is, is not sustained by the evidence.

There is no question here of an interchange of epithets; nor, upon the other hand, can it be said that there was anything more than a technical assault, as it does not appear that defendant attempted to inflict injury upon plaintiff. The cases to which we are referred are therefore not strictly in point.

We are, however, of opinion that the amount for which defendant has been condemned should be increased to $250; and it is so ordered.